UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re

Debtor(s)

Case No. _____
Amended

**NOTICE OF PRE-CONFIRMATION
AMENDMENT OF PLAN AND
CONFIRMATION HEARING**

*Instructions to filer:* Contact the calendar clerk to obtain the hearing date, time and evidentiary status before completing this notice. If a telephone hearing is scheduled, mark the Access Code box for the hearing judge. Per LBR 3015-2(b), an amended plan may not be filed fewer than 28 days before the next scheduled confirmation hearing.

The proponent, by and through the undersigned, certifies that:

1.  An amended plan is attached to this notice.

2.  A confirmation hearing on the amended plan, at which testimony [*check one*]

    will not be received,

    will be received if offered and admissible,

    will be held:

**Date:**_____    **Time:** _____

**Location**:    Courtroom #_____, _____

Telephone Hearing [*See Local Bankruptcy Form (LBF) 888, Telephone Hearing Requirements.*]

**Call In Number:**  (888) 684-8852

**Access Code:**    5870400 for Judge David W. Hercher (dwh)

1238244 for Judge Peter C. McKittrick (pcm)

4950985 for Judge Teresa H. Pearson (thp)

3388495 for Judge Thomas M. Renn (tmr)

Video Hearing. To connect, see www.orb.uscourts.gov/video-hearings.

**1355.05 (10/4/2021)**            Page 1 of 2

3. A separate summary of the amendments has been served on the trustee along with the amended plan and any modified budget or other pertinent information.

4. On _____ this notice, LBF 888 if a telephone hearing will be held, and the amended plan described above were served on the trustee (with the attachments required in paragraph 3) and all creditors. A list of the names, addresses, and methods for service on all parties served using paper is attached.

Date: _____   _____
                     Signature, Relation to Proponent, and Contact Phone #

                     _____
                     Debtor's Address and Taxpayer ID#(s) (last 4 digits)

NOTICE IS GIVEN THAT any creditor who has any objection to any provision of the amended plan must file the objection with the court at least 7 days before the confirmation hearing. Filing a proof of claim or a motion for relief from the automatic stay will not be considered an objection to confirmation.

CLERK, U.S. BANKRUPTCY COURT

**1355.05 (10/4/2021)**          Page 2 of 2

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re

Case No. _____

Debtor(s)

**CHAPTER 13 PLAN DATED** _____

**NOTICE: Your rights may be affected: all parties (including debtor and creditors) are bound to the terms of a confirmed plan. Creditors' claims may be modified or eliminated. The plan imposes obligations and duties on the debtor and other parties. You should read these papers carefully and discuss them with your attorney. If you do not have one, you may wish to consult one.**

If you oppose the plan treatment of your claim or any provision of this chapter 13 plan, you must file an objection. **Failure of a creditor to file a written objection to this plan will constitute acceptance of the plan, and the bankruptcy court may confirm the plan without further notice**. Objections must be filed within 14 days after the conclusion of the meeting of creditors, unless otherwise ordered by the court; for an amended plan, the deadline is in the attached notice of amendment. If there are any additional plan provisions or provisions that alter the language of paragraphs 1–14, they must be in paragraphs 15+ below.

1.  **Plan Motions.** This plan includes the following items (and does not include items not selected):

| Includes | |
|---|---|
|  | **Motion to Value Collateral:** A limit on the amount of a secured claim,  set out in paragraphs 4(b)(1) and (2), which may result in a partial payment or no payment at all to the secured creditor. |
|  | **Motion for Relief:** Termination of the automatic stay with respect to surrendered property, set out in paragraph 4(b)(4), or property subject to a rejected contract or lease, set out in paragraph 5. |
|  | **Motion to Avoid Liens:** Avoidance of a judicial lien or nonpossessory, non-purchase-money security interest, set out in paragraph 6. |
|  | **Nonstandard Provisions:** Nonstandard provisions, set out starting in paragraph 15. |

2.  **Applicable Commitment Period.** The applicable commitment period of this plan is     36 or     60 months. Debtor must make plan payments for that period unless debtor first pays 100% of all allowed claims with appropriate interest. If that period is 36 months, the plan payments may continue for a longer period, not to exceed 60 months, as necessary to complete required payments to creditors. The approximate length of the plan is _____ months; cause to extend longer than 36 months is as follows: _____
_____
_____.

3.  **Payments to the Trustee.** Debtor must pay to the trustee:

    (a) a monthly payment of $ _____
    _____ ;

**1300.21 (12/1/2021)**                    Page 1 of 7

(b) all non-exempt proceeds from avoided transfers, including those from transfers avoided by the trustee;

(c) with respect to the following tax years _____; (*mark only one*):        upon receipt, net tax refunds attributable to those tax years.       no portion of net tax refunds attributable to those tax years. Net tax refunds are those tax refunds not otherwise provided for in the plan, less (1) tax paid by debtor for a deficiency shown on any tax return for that same tax year or tax paid by setoff by a tax agency for a postpetition tax year; (2) any earned income tax credit; (3) ____ if checked, child care credits; and (4)       if checked, _____.

(d)  a lump sum payment of $_____ on or before _____ (date); and

(e)  _____.

4.  **Trustee Disbursements and Treatment of Claims.** The trustee must commence prepetition disbursements required by paragraph 4(b)(3); upon confirmation of this plan, the trustee must commence disbursements in accordance with this plan. The trustee must not make any disbursement under this paragraph except on account of an allowed claim or allowed administrative expense. Should the trustee not have sufficient funds in trust to pay fully the disbursements listed below, disbursements of available funds must be made pro rata. The trustee must disburse all funds in the following amounts and order:

(a) **Trustee's Fee and Expenses.** First, to the trustee's percentage fee and expenses.

(b) **Treatment of Secured Claims.** Second, to secured creditors as provided in (1) and (2) below. The terms of debtor's prepetition agreement with each secured creditor will continue to apply, except as otherwise provided in this plan or in the confirmation order.

The value of collateral for secured claims is fixed at the values stated in (1) and (2) only if there is a check in the box "Includes" in paragraph 1 for "Motion to Value Collateral" and the plan is served on the secured creditor as required under FRBP 7004 or the allowed amount of the secured claim is fixed by consent of the secured creditor. Secured creditors' liens shall be treated in accordance with § 1325(a)(5)(B)(i) and must be released when retention ends under that section.

(1) **Cure of Default and Claim Modification**. Debtor must cure the default and maintain the contractual installment payments (as provided in paragraph 7) on a secured claim listed below in the "Estimated Arrearage if Curing" column. The amount listed in that column is an estimate; the creditor's allowed claim will control. A claim listed in the "Collateral Value if Not Paying in Full" column is an allowed secured claim only to the extent of the value listed, and pursuant to § 506(a), debtor MOVES the court for an order fixing the value of the collateral in the listed amount.

The value of the creditor's interest in the collateral is limited to the amount listed below, and that amount will be paid under the plan with postconfirmation interest at the rate stated below. The holder of a claim listed in the "Estimated Secured Claim if Paying in Full" column will receive the total amount of the claim as set forth in the creditor's proof of claim.

For all creditors provided for under this subparagraph (1), if the creditor's claim will not be paid in full, the portion of the creditor's claim that exceeds the amount of the allowed secured claim will be treated as an unsecured claim under paragraph 4(f) (if the claim identifies the priority position of the claim) and 4(g) below.

**1300.21 (12/1/2021)**                              Page 2 of 7

| Creditor | Collateral | Estimated Arrearage if Curing | Collateral Value if Not Paying in Full | Estimated Secured Claim if Paying in Full | Interest Rate | Monthly Plan Payment |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  | *Use only one of these columns for each creditor* | | | | |

(2) **Secured Claim Modification Not Expressly Authorized by the Code.** Treatment of secured claims under this subparagraph (2) may include modification of a claim secured by a purchase-money security interest in either (a) a motor vehicle acquired for personal use by the debtor within 910 days before the petition date or (b) any other personal property collateral acquired within 1 year before the petition date. A secured claim treated in this subparagraph is limited to the amount listed in the "Amount of Claim as Modified (Value of Collateral)" column. Debtor MOVES the court for an order fixing the value of the collateral in the amount listed below. **Debtor proposes that the creditors listed accept, either expressly or impliedly, the following treatment, which might not be able to be approved absent consent of creditor. Failure of a creditor to file a written objection to confirmation of this plan before confirmation will constitute acceptance of the plan.**

| Creditor | Collateral | Amount of Claim as Modified (Value of Collateral) | Post-confirmation Interest Rate | Monthly Payment |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**1300.21 (12/1/2021)**                    Page 3 of 7

(3) **Adequate Protection.** Payments must be disbursed by the trustee before confirmation, as adequate protection, from funds on hand with the trustee in the payment amounts specified in the plan for personal-property-secured creditors. Payments by the trustee before confirmation will be deducted from the amount of the allowed secured claim. Unless the concerned creditor is fully secured or over secured under § 506 or § 1325(a)(9), no interest will accrue or may be paid from the petition date to the confirmation date unless otherwise specifically provided for in the payment provisions set forth above.

(4) **Surrender of Collateral.** Debtor must surrender any collateral not addressed by the terms of this plan no later than the confirmation date to the following (state creditor name followed by description of collateral to be surrendered, and if debtor does not have possession of the collateral, so state):

With respect to the claims secured by the collateral listed in this subparagraph (4), debtor moves that the stay of § 362(a) be terminated as to the collateral only and that the stay of § 1301 be terminated.

(c) **Debtor's attorney compensation and expense reimbursement**. [*If this plan is filed as a postconfirmation amendment of plan, leave this part 4.(c) entirely blank; any postconfirmation compensation and expense reimbursement will be addressed by application under LBF* 1307] Third, to debtor's attorney fees of $ _____ and expenses of $ _____, of which $_____ had been paid as of the date the attorney's Chapter 13 Debtor's Attorney's Compensation Disclosure and Application on LBF 1305 was filed, leaving $ _____ unpaid.

The attorney [*check one*]    may    may not apply for supplemental compensation and expense reimbursement.

Debtor moves for modification of the automatic stay of § 362(a) to permit the attorney to offset the amount allowed to the attorney, to the extent it accrued before the petition date, against the amount that had been paid before the petition date.

The attorney will be paid as follows [*check only one*]:

All allowed attorney fees and expenses, including supplemental compensation, will be paid from all available funds after the trustee makes any disbursements under paragraph 4(a) and any fixed monthly payments in paragraph 4(b).

Other: _____.

(d) **Domestic Support.** Fourth, to allowed unsecured domestic support obligations under § 507(a)(1), and these claims must be paid in full.

(e) **Administrative Expenses.** Fifth, to allowed administrative expenses under § 507(a)(2), and these claims must be paid in full.

(f) **Priority Claims.** Sixth, to allowed priority claims in the order stated in § 507(a)(3)-(10), and these claims must be paid in full.

(g) **Unsecured Claims.** Seventh, to allowed nonpriority unsecured claims, the amounts required by § 1325(b)(1) [*check only one*].

    (1) Creditors will receive approximately _____ % of their claims. Payment of any dividend will depend on the amounts of allowed secured, priority (including costs of administration and the debtor's attorney fees), and nonpriority unsecured claims.

    (2) Creditors will receive full payment of their claims.

(h) **Best Interest of Creditors.** The "best interest of creditors" number is $_____, and not less than that amount must be distributed to unsecured priority and nonpriority creditors. The amount of allowed priority claims will reduce the amount distributed to allowed unsecured nonpriority creditors.

(i) **Unsecured Claim Interest.** All allowed unsecured claims will receive interest of _____ % from the time of confirmation.

(j) **Untimely Claims Disallowed.** Subject to the provisions of § 502(b)(9), untimely claims, other than those secured claims for which the treatment is specified in paragraph 4(b) above, are disallowed without the need for objection.

5. **Executory Contracts and Leases.** The debtor ASSUMES the following executory contracts and leases:

| Creditor | Amount of Default (*State if None*) | Cure Provisions |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

Executory contracts or leases not specifically listed above are rejected. Any allowed claim arising from rejection will be treated under paragraph 4(g). Debtor will pay all assumed executory contracts and leases directly, including amounts required to cure. Debtor must surrender any property covered by rejected executory contracts or leases to the affected creditor no later than confirmation. Debtor MOVES that the stay of § 362(a) be terminated as to all property covered by rejected executory contracts and leases and that the stay of § 1301 be terminated.

6. **Section 522 Lien Avoidance.** Debtor MOVES, pursuant to § 522(f)(1), to avoid the judicial liens or non-purchase-money security interests of the following creditors because they impair an exemption of the debtor:

The order of confirmation will avoid the liens listed above and claims of the lienholders will be

**1300.21 (12/1/2021)**                    Page 5 of 7

treated in paragraph 4(g).

7. **Direct Payments.** Debtor must pay directly to each of the following creditors the regular payment that comes due after the petition date (state creditor name followed by collateral description):

8. **Use of Credit.** Debtor may not obtain credit or incur debt obligations during the life of the plan and out of the ordinary course of operating debtor's business unless the trustee gives written consent, the obtaining of the credit or incurring of the debt is made necessary by emergency, or debtor gives notice to all creditors and the trustee and an opportunity for hearing as if the credit or debt were to be incurred by the trustee.

9. **Debtor Reporting Requirements.** Unless waived by the trustee in writing, debtor must report immediately, upon receipt of notice of the change, to the trustee if actual or projected gross annual income exceeds by more than 10% the gross income projected by debtor in the most recently filed Schedule I. Unless listed in the schedules, debtor must report immediately to the trustee any right of debtor to a distribution or right to distribution of funds or other property, including bonuses and inheritances, worth more than $2,500.

10. **Postpetition Tax Reporting.** For tax years listed in paragraph 3(c), debtor must timely file all required tax returns and provide copies to the trustee each year immediately upon filing with the taxing authority.

11. **Vesting of Estate Property; Limitations on Postconfirmation Property Use.** Property of the estate will vest in debtor upon confirmation, subject to the terms of this paragraph. Except for regular monthly income, any right of debtor to a distribution of funds or other property exceeding a value of $2,500 must be held by debtor and not used without the trustee's permission or a court order. Debtor must not buy, sell, use, lease (other than a lease of real property in which the debtor will reside), encumber, or otherwise dispose of any interest in: (a) real property; or (b) personal property worth more than $10,000 out of the ordinary course of business without notice (given per FRBP 2002 as if the interest were property of the estate) to all creditors and the trustee, with an opportunity for hearing, unless the property is acquired through the use of credit with the trustee's written consent.

12. **Treatment of Trustee Funds on Hand Upon Dismissal or Conversion.** If this case is converted to chapter 7 and the chapter 13 trustee has more than $2,500 at the time of conversion, the chapter 13 trustee must forward all funds to debtor, in care of debtor's attorney, if any, 10 days after the first scheduled § 341(a) meeting in the chapter 7 case unless the chapter 7 trustee files and serves a written objection pursuant to § 348(f)(2). If the funds in the chapter 13 trustee's possession at conversion are $2,500 or less, or if this case is dismissed, the chapter 13 trustee must forward all funds to debtor in care of debtor's attorney, if any. This paragraph does not determine the rights of the parties to these funds.

13. **Reservation of Rights and Powers.** Except as expressly set forth in this plan or the confirmation order, neither this plan nor the confirmation order affects any right or power of debtor or the trustee, including debtor's rights under § 1302 and rights of the trustee or any trustee's assignee under 11 U.S.C. chapter 5.

14. **Additional Nonstandard Provisions.** Any nonstandard provisions are set forth below or on attachments; each provision is numbered, beginning with 15. Debtor and, if applicable, debtor's counsel certify that the plan contains no nonstandard provision other than those set out consistent with this paragraph. Nonstandard provisions set out elsewhere in this plan are ineffective; nonstandard provisions will be effective only if there is a check in the box "Includes" in paragraph 1.

_____         _____
Debtor                          Date        Debtor                          Date

**CERTIFICATE OF SERVICE on Creditors/Parties Treated in Paragraphs 4(b)(1)** (under the "Collateral Value if Not Paying in Full" column), **4(b)(2)** (under the "Amount of Claim as Modified" column), **5,** and **6** (see FRBP 3012, 4003(d), and 9014, and LBR 6006-1(b)). I certify that copies of this plan and the notice of hearing to confirm this plan were served as follows:

a) For <u>creditors/parties who are not Insured Depository Institutions (served by court)</u> (see FRBP 7004(b)), I either listed the creditors/parties in the mailing list filed with the court exactly as follows, OR, on _____, I served the above-documents by first-class mail to the creditors/parties at the names and addresses exactly as follows (list each creditor/party, the person or entity the creditor/party was served through, and the address):

b) For <u>Insured Depository Institutions</u> (see FRBP 7004(h)), on _____, I served the above-documents by certified mail, or by other authorized means (specify), at the name and address exactly as follows (list each insured depository institution, the person or entity the institution was served through, and the address):

_____
Debtor or Debtor's Attorney